Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL II**

| | | |
|---|---|---|
| Dellanira Cotto Torres<br><br>Persona Custodia<br><br>vs.<br><br>**Héctor I. Guadalupe Rodríguez**<br><br>Recurrente<br><br>Administración para el Sustento de Menores<br><br>Recurrida | TA2026RA00169 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de la Familia, Adm. para el Sustento de Menores<br><br>Caso Núm.: 0443980<br><br>Núm. Civil: DAL2008-1117<br><br>Sobre: Acreditación de Pagos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de junio de 2026.

Héctor I. Guadalupe Rodríguez (Guadalupe Rodríguez o recurrente) objeta varios dictámenes emitidos por la Administración para el Sustento de Menores (ASUME). Mediante los mismos: (1) se ordenó el cierre de la cuenta corriente y se dejó abierta la cuenta de atrasos para continuar gestiones de cobro y (2) se le notificó al recurrente la intención de certificar la deuda por concepto de pensión alimentaria y de referirla para el cobro a entidades federales, estatales y privadas.

Por las razones que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

**I.**

Según surge del expediente, el 19 de diciembre de 2025, la ASUME emitió una *Orden de Cierre de Cuenta Corriente*, mediante la cual se reconoció la emancipación por edad del hijo de Guadalupe

Rodríguez. La comunicación informó que, no existía una orden corriente de pensión alimentaria para beneficio de un menor de edad y la deuda por concepto de pensión era $27,611.39. En vista de ello, la ASUME notificó que dejaría abierta la cuenta de atrasos y que la persona no custodia tenía la responsabilidad de pagarla. Además, indicó que continuaría realizando las gestiones pertinentes para hacer cumplir dicha responsabilidad. El 22 de diciembre de 2025, el patrono de Guadalupe Rodríguez le informó el recibo de una orden de retención de salario emitida por la ASUME. El 30 de diciembre de 2025, la ASUME dictó una *Notificación sobre Intención de Cierre.*

Ante su disconformidad con las antedichas acciones, Guadalupe Rodríguez presentó objeción. Además, en enero de 2026, este instó un recurso de revisión ante la ASUME, impugnando la deuda por prescripción y solicitando el cierre definitivo de la cuenta.

Luego de varios trámites, Guadalupe Rodríguez acude ante este Foro intermedio en recurso de revisión judicial. En su ininteligible escrito, solicita varios remedios relacionados a las actuaciones de la ASUME sobre la deuda de pensión alimentaria y la retención de ingresos por parte de su patrono.

Posteriormente, Guadalupe Rodríguez incoó una moción urgente de paralización ante la ASUME. En respuesta, la agencia citó a las partes para una vista a celebrarse el 12 de mayo de 2026, la cual fue transferida al 8 de junio de 2026 a solicitud de Guadalupe Rodríguez.

El 27 de mayo de 2026, la ASUME presentó ante nos una *Moción Solicitando Desestimación por Falta de Jurisdicción.* En esencia, arguye que carecemos de jurisdicción porque Guadalupe Rodríguez no agotó los remedios administrativos. Añade que este no esperó que la jueza administrativa atendiera la solicitud de

revisión.  En particular, advierte que hay una vista pautada para el 8 de junio de 2026.

**II.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020).  Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020).  Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción  y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía.  *Íd.*, citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 387.

Un tribunal carece de jurisdicción para adjudicar una controversia cuando un recurso fue instado de forma prematura. Un recurso prematuro se presenta en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. AVP*, 155 DPR 183, 192 (2001).  En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025), nos faculta,

por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**B.**

La *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201–2003, según enmendada, 4 LPRA sec. 24 *et. seq.*, instituye la facultad revisora del Tribunal de Apelaciones. En asuntos de índole administrativo, dicha Ley nos circunscribe a examinar órdenes o resoluciones finales. Particularmente, el Artículo 4.006 (c) de la Ley Núm. 201–2003, 4 LPRA sec. 24y, dispone que el Tribunal de Apelaciones conocerá de los siguientes asuntos:

> [...]
>
> "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, **de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas** ..." (Énfasis nuestro).
>
> [...]

Cónsono con lo anterior, la Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 80, dispone que nuestra jurisdicción revisora se limita a determinaciones administrativas de carácter final. También, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Asimismo, dicha Sección expone, en lo pertinente:

> [...]
>
> **Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.** La disposición interlocutoria

de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. (Énfasis nuestro).

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de este capítulo.

Una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro. Es decir, es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Esta culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado Seguros v. Universal*, 167 DPR 21, 29-30 (2006).

En relación con la notificación adecuada de las determinaciones administrativas finales, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que la orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.

**III.**

Analizado el expediente con detenimiento, colegimos que carecemos de jurisdicción para ejercer nuestra facultad revisora en la presente causa. Nótese que la ASUME retuvo su jurisdicción sobre la revisión presentada por el recurrente ante la jueza administrativa y próximamente se llevará a cabo una vista en la cual se podrán discutir las objeciones levantadas. Por ende, cualquier intervención de nuestra parte en esta etapa de los procedimientos

sería inadecuada. Recordemos que nuestra función revisora solo procede ante determinaciones administrativas de carácter final.[1]

En fin, toda vez que el recurso de referencia no versa sobre una resolución final de la ASUME, carecemos de jurisdicción para intervenir y adjudicarlo en los méritos. Una vez la agencia tome su determinación final, el recurrente podrá acudir ante este Foro mediante recurso de revisión judicial, de entenderlo necesario. Según dispone la Sec. 4.2 de la LPAU, *supra,* la disposición interlocutoria de la ASUME podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final.

**IV.**

Por las consideraciones que anteceden, se declara *Ha Lugar* la moción de desestimación por falta de jurisdicción instada por la Administración para el Sustento de Menores. En consecuencia, desestimamos el recurso de revisión judicial de epígrafe y devolvemos el caso a la agencia para la continuación de los procedimientos. Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, *supra,* pág. 116.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] No obstante, aunque es necesario que la orden o resolución sea final para que sea susceptible de revisión por parte del Tribunal de Apelaciones, una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa. *Comisionado Seguros v. Universal,* supra, pág. 30, citando a *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483 (1997). Véase, además, *Procuradora Paciente v. MCS,* 163 DPR 21 (2004) y la Sección 4.3 de la LPAU, 3 LPRA sec. 9673. No obstante, en *Comisionado Seguros v. Universal,* supra, págs. 30-31, el Tribunal Supremo de Puerto Rico aclaró lo siguiente:

[N]o toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia" ni implicará una aplicación automática de la excepción. Sólo en aquellos casos en los que la agencia administrativa carece realmente de jurisdicción, el proceso administrativo se convierte en final por no quedar asuntos o controversias pendientes de dilucidar por la agencia; sólo entonces sería revisable por el Tribunal de Apelaciones.